IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03072-PAB

SETH KAPLAN,

    Plaintiff,

v.

INTERNATIONAL USED TRUCK CENTER,
NAVISTAR, INC., and
NAVISTAR INTERNATIONAL CORPORATION,

    Defendants.

---

## MINUTE ORDER

**Entered by Judge Philip A. Brimmer**

    This matter comes before the Court on plaintiff's Motion to Remand [Docket No. 13]. Plaintiff filed this action in the District Court for the City and County of Denver, Colorado on October 10, 2018, asserting Colorado state-law claims for fraudulent concealment, breach of express and implied warranties, breach of the implied covenant of good faith and fair dealing, and violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq*. Docket No. 1 at 1-2, ¶¶ 1, 4; Docket No. 5. On November 30, 2018, defendants removed the case to this Court on the basis of diversity jurisdiction. Docket No. 1 at 2, ¶ 6. Relying on plaintiff's state court civil cover sheet and allegations in the complaint, defendants state that the amount in controversy exceeds $75,000 and the parties are completely diverse. *See id.* at 3-4, ¶¶ 7-15.

    On December 11, 2018, plaintiff moved to remand the case to state court. Docket No. 13. In support of his motion, plaintiff argues that the "historical reasons for allowing removal jurisdiction" do not exist in this case because defendants have a longstanding presence in Colorado and thus will not be prejudiced by having to defend against plaintiff's claims in state court. *Id.* at 4. Plaintiff further asserts that there is "not enough competent proof that Defendants are indeed completely diverse from Plaintiff and his Colorado citizenship." *Id.* at 5.

    The Court finds plaintiff's motion to be baseless. In general, "cases properly removed from state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute." *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345 n.9 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996); *see also Ryan v. State Bd. of Elections of State of Ill.*, 661 F.2d 1130, 1133 (7th Cir. 1981) ("Remand

of a suit after its removal to federal court is controlled by 28 U.S.C. § 1447(c). No other statutory provision allows remand."). Here, plaintiff has failed to identify any reason why removal was improper. Although plaintiff states that defendants have not presented "enough competent proof" that they are diverse from plaintiff, Docket No. 13 at 5, plaintiff's own allegations establish that complete diversity exists between the parties. *See* Docket No. 5 at 2-3, ¶¶ 1, 2, 4 (alleging that plaintiff is a citizen of Colorado and that defendants are citizens of Delaware and Illinois); *see also* Docket No. 7 at 3, ¶¶ 1, 2, 4 (admitting plaintiff's jurisdictional allegations).

Plaintiff has asserted no other basis for finding that defendants' notice of removal is procedurally defective or that the Court lacks subject matter jurisdiction over this lawsuit. Accordingly, it is

**ORDERED** that plaintiff's Motion to Remand [Docket No. 13] is **DENIED**.

DATED December 14, 2018.